Mr. Justice Huger
delivered the opinion of the court
A delivery is generally necessary to- perfect a paroi gift of chattels. If the intention of the donor be doubtful, the delivery ought to be fully proved. If the' intention be evident-, slighter proof of the delivery may be sufficient. If however, any proof of the intention and delivery be afforded, it becomes a question of fact on which the jury must decide, and their decision will be supported, unless very much against the weight of evidence.
In this case, the intention to give was manifest, for although one witness thought the gift.was not to take effect, until after the death of the donor, yet all the others understood it differently, and the improbability of the horse surviving the donor, who was young enough to be married, is confirmation of their statement, that the gift was.intended to take effect in presentí. The evidence of delivery in this case is very slight; the jury, however, thought it sufficient when compared with the unquestionable intention of the donor to give, to support the gift, and this court will not disturb the verdict on that ground.
When the right of property is 'in the plaintiff, and the •defendant holds over after action commenced, very slight evidence of a conversion is sufficient. In this case, the horse was the wards. The defendant took possession of him. The uncle, with whom the ward' was staying, demanded the horse for his nephew, and was told that the horse did not belong to his nephew, and therefore would not be given up. Had the ward himself made the demand, it would have been sufficient. The uncle, if not his duly appointed guardian, was at least to be regarded as his agent, and a demand by him as equivalent to a demand by *507 hisijephew. The jury therefore were authorized to find the verdict they did.
McDuffie, for the motion.
O'Ncall, contra.
The motion is refused.
Justices Johnson, Nott, Gantt and Richardson, concur? yed.
Mr. Justice Colcock dissented.